# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| THOMAS FLEEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-CV-75 SNLJ |
| ) | |
| CORIZON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the amended complaint of self-represented plaintiff Thomas Fleeman (registration no. 1027064), an inmate at Moberly Correctional Center ("MCC"). The Court previously granted plaintiff *in forma pauperis* status and reviewed his original complaint under 28 U.S.C. § 1915. ECF No. 9. Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. The Court warned plaintiff that his amended complaint would also be reviewed under § 1915. For the reasons discussed below, the Court will dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## The Complaint and Amended Complaint

Plaintiff, an inmate at MCC, filed this action on August 30, 2019 pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights for failure to provide him with Hepatitis C treatment. ECF No. 1. Plaintiff brought his claims against Corizon, Dr. Ruanne Stamps, and Andrea Crader in their official and individual capacities.

On January 13, 2020, the Court reviewed plaintiff's original complaint and found it to be deficient for failure to "indicate what type of treatment he has been receiving for his Hepatitis C from the Missouri Department of Corrections or if he has been denied treatment altogether." ECF No. 9 at 4. As to defendant Corizon, the Court advised plaintiff that in order to state a claim,

"plaintiff must allege that there was a policy, custom or official action that caused an actionable injury." Due to the serious allegations included in the complaint, the Court directed plaintiff to file an amended complaint to cure his pleading deficiencies. The Court provided plaintiff with instructions for amending the complaint, including the requirement that he "must allege facts showing how [each] particular defendant's acts or omissions violated his constitutional rights." The Court warned plaintiff that after receiving his amended complaint, it will be reviewed pursuant to 28 U.S.C. § 1915 and that failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.

Plaintiff filed his amended complaint on February 10, 2020. ECF No. 12. Plaintiff brings claims against the three original defendants, Corizon, Andrea Crader (Corizon, Director of Nursing), and Dr. Ruanne Stamps (Corizon, Medical Doctor), as well as three additional defendants, J. Cofield (Missouri Department of Corrections, Director of Operations), T. Bredeman (Corizon, Medical Director), and Bonnie Boley (Corizon, Health Service Administrator). All defendants are sued in their individual capacities.

Plaintiff alleges that all defendants were deliberately indifferent to his serious medical needs by denying his grievance requests for additional medical treatment. Plaintiff asserts that he filed an Informal Resolution Request ("IRR") on September 26, 2018 "request[ing] to be treated for his hepatitis-C, voicing concern over a blood test showing a low white blood cel[l] count." Plaintiff alleges that Nurse Crader responded to his IRR on October 29, 2018 "stating the plaintiff was a too low priority to treat." Plaintiff attached Nurse Crader's response to his amended complaint, which states, in part:

> We are currently working on those offenders who meet the definition of priority one. After treatment of priority one offenders, we will move on to priority two and then on to priority three offenders. During this time you will continue to be monitored by your site physician in a chronic care clinic. At this time, you meet the priority 3 definition and [Nurse Practitioner] Davidson determined your current treatment plan. You are to be followed every 12 months in chronic care, as well as

- 3 -

> lab values every 12 months. Should your health needs charge, your priority level will be updated accordingly.

ECF No. 12-1 at 2.

Plaintiff asserts that he filed a second IRR on November 12, 2018 "again request[ing] treatment for his hep-c" and indicating he was in "constant pain and liver was swelling." Plaintiff alleges that Baley and Dr. Stamps responded to his IRR and was again "told he was not a priority" and "they would only see him annually." Plaintiff attached their response to his amended complaint, which states, in part:

> Let me assure you we are providing everyone treatment in accordance to current priorities as opposed to "waiting until you get sicker." We are currently working on those offenders who meet the definition of priority one. After treatment of priority one offenders, we will move on to priority two and then on to priority three offenders. During this time you will continue to be monitored by your site physician in a chronic care clinic. At this time, you meet the priority 3 definition as you did in April 2017 at ERDCC, March 2018 at MECC and again in June 2018 when you were seen here at MCC in the Hepatitis Chronic care clinic.

ECF No. 12-1 at 4.

Plaintiff states he filed a grievance appeal on November 29, 2018 to "re-evaluate [his] needs for treatment." Plaintiff alleges that Cofield and Bredeman responded to his appeal and was told "he was not a priority and they would not treat, and that monitoring of plaintiff was all that they [were] willing to do." Plaintiff attached their response to his amended complaint, which states, in part:

> Your record shows that you were last evaluated/examined in the chronic care clinic for Hepatitis C on June 7, 2018, and received recent lab testing by the medical staff at MCC, your records note that the results of your testing did not show a medical priority for you to receive treatment at this time. Priority status is determined by the calculations of the APRI score and FIB-4 score, along with the physical exam findings and history of certain other medical conditions.
>
> . . .
>
> Conclusion: Your record shows ongoing care and treatment for your medical/mental health issues by licensed, qualified health care professions with many years of experience. We rely on the independent, discretionary medical

- 4 -

> judgment of the site physicians to determine what care, medication and treatment is need[ed].

ECF No. 12-1 at 6.

Plaintiff also alleges that Corizon "created and maintained a policy or custom and practice of systematically denying medical care to inmates diagnosed with Hepatitis C." Plaintiff states he "has still not been treated for his hep-C" and "is now diagnosed with cirrhosis of the liver," which he claims was caused from the lack of treatment. Plaintiff further states that on June 28, 2016 the "FDA approved Epclusa, a new DAA drug," which defendants refused to provide him.

For relief, plaintiff seeks "direct-acting antiviral (DAA) drugs," "appropriate action against Corizon," attorneys' fees, filing fees, punitive damages, and $500,000 for "any future medical care needs."

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, the Court will dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. Corizon Medical Services

Corizon is a private entity that contracts with the Missouri Department of Corrections to provide healthcare services to inmates. "A corporation acting under color of state law cannot be liable on a *respondeat superior* theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

"Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the . . . official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face . . . a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

In order to establish an unconstitutional custom, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the…entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the…entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the…entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Here, plaintiff alleges Corizon "created and maintained a policy or custom and practice of systematically denying necessary medical care to inmates diagnosed with Hepatitis C[.]" This allegation does nothing more than provide a legal conclusion without any factual support. Such a pleading is not sufficient to state a claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, a "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"); *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice");

and *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights).

Moreover, the IRR responses attached by plaintiff to his amended complaint contradicts the existence of any policy or custom by Corizon to deny him medical treatment. The IRR responses indicate that plaintiff was being monitored by a site physician at a Hepatitis chronic care clinic, a treatment plan was created for him, and the determination that he was a "priority three" offender was based on three independent medical evaluations in April 2017, March 2018, and June 2018, which included lab testing. These supporting documents provided by plaintiff discredit his allegations against Corizon. In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Thus, liberally construing the complaint, plaintiff's allegations against Corizon will be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

**B. Individual Capacity Claims**

Plaintiff's allegations against all of the individual defendants for not granting his grievance requests for additional Hepatitis C medical treatment do not state a claim of a constitutional violation. To state a cognizable claim under § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). "There is no federal constitutional right to a prison grievance procedure, and neither a state law nor a state policy creates one." *Poe v. Corizon Health*, 2019

WL 186660, at *4 (E.D. Mo. Jan. 14, 2019). Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (the grievance procedure is a procedural right only and confers no substantive right on an inmate). Thus, plaintiff's allegations that defendants violated his constitutional rights by denying his grievance requests for additional medical treatment is not cognizable.

Additionally, plaintiff's allegations do not state a viable claim for relief against the individual defendants because he does not allege that they were directly involved in or personally responsible for any incidents that allegedly deprived him of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). *See also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of a prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); and *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in *respondeat superior* are not cognizable under 42 U.S.C. § 1983). Plaintiff does not allege that any of the defendants were his treating physicians or nurses and he fails to allege what specific role, other than declining to grant his IRRs, they took in depriving him of medical treatment.

To any extent plaintiff is alleging that these defendants are liable solely because they held administrative or supervisory positions, *i.e.*, because Andrea Crader is the Director of Nursing or

Dr. Bredeman is the Medical Director, such claims must also be dismissed. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). A supervisor is liable for the actions of his subordinates under § 1983 only if he personally participates in the alleged unconstitutional conduct, or when there is a causal connection between his actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process). As stated above, plaintiff has failed to plead specific facts establishing an actual link or connection between the named defendants and the alleged constitutional violations.

Lastly, plaintiff's claim that defendants failed to provide him with a new FDA approved drug also fails to allege a constitutional violation. Not only has plaintiff not alleged that defendants are his treating physicians or that they have any control over the medications his treating physician provides, allegations that establish only the plaintiff's disagreement with treatment decisions do not state claims of constitutional significance. *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "While inmates have a right to adequate medical care, they have no "right to receive a particular or requested course of treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Doctors are free to exercise their independent medical judgment, *id.*, and a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (alteration in original) (citation omitted). Consequently, plaintiff's allegations indicate only a disagreement over a treatment method or-at best-negligence in treating his condition. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence does not amount to a constitutional violation).

Thus, liberally construing the complaint, plaintiff's allegations against Cofield, Bredeman, Boley, Dr. Stamps, and Crader in their individual capacities will be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

### Second Motion for Appointment of Counsel

Plaintiff has filed a second motion to appoint counsel. ECF No. 14. The motion will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion for appointment of counsel (ECF No. 14) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of June, 2020.

　　　　　　　　　　　　　　　　　　　　／s／ Stephen N. Limbaugh, Jr.
　　　　　　　　　　　　　　　　　　　　STEPHEN N. LIMBAUGH, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE